```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CHRISTOPHER LaFOLLETT,
MARY BETH LaFOLLETT and
A.C.L., a minor who sues by
his mother and next friend,
Mary Beth LaFollett,

        Plaintiffs,

v.                                      Civil Action No. 5:13CV44
                                                         (STAMP)
CHARLES GUNDERSON and
STAN KOCH & SONS TRUCKING,
INC.,

        Defendants.
```

### MEMORANDUM OPINION AND ORDER
### GRANTING PLAINTIFFS' MOTION TO REMAND

#### I. Background

On March 7, 2013, the plaintiffs, Christopher LaFollett, Mary Beth LaFollett, and their minor child, filed a claim against the defendants, Charles Gunderson ("Gunderson") and Stan Koch & Sons Trucking, Inc. ("Koch Trucking"), in the Circuit Court of Ohio County West Virginia, as a result of an automobile accident. The plaintiffs are residents of Wheeling, Ohio County, West Virginia. The plaintiffs allege that defendant Gunderson resides in Glenwood, Iowa. The plaintiffs further allege that defendant Koch Trucking, which is organized under the laws of Minnesota, is a corporation with its principal place of business in Golden Valley, Minnesota.

In their complaint, the plaintiffs state that on or about October 3, 2012, on Interstate 70 East in Wheeling, West Virginia

a truck driven by defendant Gunderson negligently collided with another automobile. The plaintiffs contend that this collision resulted in a chain reaction, which caused another automobile to strike the automobile driven by plaintiff Christopher LaFollett. Plaintiff Mary Beth LaFollett was allegedly a passenger in this vehicle at the time of the accident. At the time of the collision, defendant Gunderson was supposedly acting within the course and scope of his employment with defendant Koch Trucking. Plaintiffs Christopher LaFollett and Mary Beth LaFollett are seeking compensation for their injuries, medical bills, damage to their vehicle, and damages for loss of consortium. The couples' minor child is seeking damages for loss of parental consortium.

After receiving the plaintiffs' complaint, the defendants removed this action to this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. The defendants contend that this Court has jurisdiction because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.

The plaintiffs then filed a motion to remand. In support of their motion to remand, the plaintiffs state that the defendants have failed to produce any evidence demonstrating that the amount in controversy exceeds $75,000.00. The complaint contains no allegation as to the amount of damages, and the plaintiffs contend that this Court cannot deny remand based on the fact that the

complaint contains allegations of permanent injury, and other damages allegations. The defendants did not file a response to the plaintiffs' motion.[1] For the reasons set forth below, this Court grants the plaintiffs' motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in

---

[1] Despite the defendants failure to respond, this Court will address the plaintiffs' motion to remand on the merits of the motion. This Court will not merely grant the motion as unopposed, because the plaintiffs' motion to remand challenges this Court's subject matter jurisdiction.

controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

The plaintiffs contend that the defendants have not satisfied their burden of establishing federal jurisdiction as they have failed to produce any evidence demonstrating that the amount in controversy exceeds $75,000.00. The plaintiffs argue that while their complaint makes allegations of possible permanent injuries, and other damages allegations, this cannot satisfy the defendants' burden of proof.

As stated above, the burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence"

4

standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the plaintiffs' memoranda, this Court concludes that the defendants have not satisfied their burden of proof that, at the time of the filing of the complaint, the plaintiffs' damages may have exceeded $75,000.00. As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence

of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

Here, the defendants failed to include any evidence or make any allegations in their notice of removal concerning the amount in controversy, besides the general bare assertion that the plaintiffs' claims exceed $75,000.00. Further, the plaintiffs' complaint does not contain any allegation concerning the amount of damages that the plaintiffs seek, let alone an allegation that those damages exceed $75,000.00. The plaintiffs are correct in that allegations of possible permanent injuries, future damages, attorneys' fees and the like, cannot satisfy the defendants' burden of establishing that the amount in controversy has been met. As stated above, the defendants bear the burden of producing actual evidence when such claims do not make a specific damages demand. The defendants have not produced any such evidence. Therefore, this Court cannot find that the defendants have met their burden of proof of establishing that the plaintiffs' damages exceed $75,000.00.

## IV. Conclusion

For the aforementioned reasons, the plaintiffs' motion to remand (ECF No. 6) is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 8, 2013

                         /s/ Frederick P. Stamp, Jr.
                         FREDERICK P. STAMP, JR.
                         UNITED STATES DISTRICT JUDGE